A. C. ALEXANDER, Appellant,

v.

The STATE of Texas, Appellee.

No. 43105.

Court of Criminal Appeals of Texas.

Oct. 21, 1970.

Robert B. Billings, Dallas (on appeal), for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is unlawfully carrying a pistol on premises licensed under the Texas Liquor Control Act; the punishment, two years' confinement in the Texas Department of Corrections.

Appellant advances the claim that the pistol should not have been introduced into evidence since it was obtained as the result of an illegal search.

■ The evidence reflects that Deputy Sheriff Ben Keele received a telephone call from an unidentified woman that the appellant, A. C. Alexander, whom he knew,[1] was "standing in the middle of the street out there in front of Rider's Cafe with a big pistol." As a result of such information Keele went to Rider's Cafe where he saw the appellant inside the building with a "bulge in his right side" which he "believed to be a pistol or gun of some kind." The appellant was arrested without a warrant and a search of his person revealed the pistol. The essence of such testimony was admitted before any objection was interposed. We find the arrest was authorized by Article 487, Vernon's Ann.P.C., which provides that any peace officer may arrest without warrant any person for unlawfully carrying arms. A search incident to such arrest is lawful. See Cox v. State, Tex.Cr.App., 442 S.W.2d 696; Cisneros v. State, Tex.Cr.App., 456 S.W.2d 400.

We find no error in the admission of the pistol into evidence.

■ The remaining nine conclusory-type grounds of error are set forth on one page of appellant's brief without argument or citation of authorities. There are mere references to certain page numbers of the record.

Such grounds of error clearly do not meet the requirements of Article 40.09, Sec. 9, Vernon's Ann.C.C.P., which provides in part:

"This brief shall set forth separately each ground of error of which defendant desires to complain on appeal and may set forth such arguments as he deems appropriate. Each ground of error shall briefly refer to that part of the ruling of the trial court, charge given to the jury, or charge refused, admission or rejection of evidence or other proceedings which are designated to be complained of in such way as that the point of objection can be clearly identified and understood by the court."

Neither the trial court nor this court, with its crushing case load, should be ex-

---

1. The evidence at a post trial hearing on the appellant's application for probation reflects that appellant had twice been convicted of murder in Texas and of "assault with intent to kill" in New Mexico.

pected to examine and re-examine an appellate record trying to determine and speculate on the true meaning of appellant's contentions advanced without argument, reasoning or authorities.

Such grounds of error are not before us for review.

Nevertheless, we have examined the grounds of error in light of the entire record and find them totally without merit. One, for example, complains of the admission into evidence of an instrument which the record reflects was not admitted. Another ground of error expressly pertains to the testimony of one witness while the accompanying page number has reference to the testimony of a different witness.

The judgment is affirmed.