Roy Randolph ERWIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 43435.

Court of Criminal Appeals of Texas.

Feb. 10, 1971.

are discussed, along with 22 different references to specific pages in the record. This does not properly assign error as required by Art. 40.09, Sec. 9, V.A.C.C.P. In order to ascertain appellant's complaint in this matter, it would be necessary for the court to search the entire record; a procedure which was not condoned in McElroy v. State, Tex.Cr.App., 455 S.W.2d 223. Appellant complains of general rulings of the trial court and this fails to meet the requirements of Art. 40.09, Sec. 9, V.A.C.C.P. Huffman v. State, Tex.Cr. App., 450 S.W.2d 858; Dailey v. State, Tex.Cr.App., 436 S.W.2d 346; Keel v. State, Tex.Cr.App., 434 S.W.2d 687.

There being no proper assignment of error and nothing contained in the record which we should consider as unassigned error, under Section 13 of said Art. 40.09, supra, the judgment is affirmed.

Grady Inzer, Longview, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction of unlawfully carrying a pistol; the punishment was assessed by a jury at a fine of $100.00.

An examination of the appellant's brief shows that it contains a statement of the nature of the case and "discussion." Extraneous offenses and what the defense offered to stipulate during the trial