Ronnie Edward PATTERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–92–00670–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 14, 1993.

Rehearing Denied Dec. 30, 1993.

---

Richard N. Thompson, Cynthia Hooper Inglet, Houston, for appellant.

John B. Holmes, Jr., Ernest Davila, Tracey Tirey, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and O'CONNOR and WILSON, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

This is an appeal from a conviction for possession of cocaine. Appellant, Ronnie Edward Patterson, was found guilty by the jury, and the trial court assessed punishment at five-years confinement, probated, a $500 fine, and 300 hours of community service. We affirm.

### Background

On June 14, 1990, Houston police officer Todd Miller was working an extra job at a large apartment complex. The officer wore his police uniform but patrolled the complex from his private car. Late that night, Officer Miller saw appellant standing in the middle of the complex parking lot for about 10 minutes. The officer approached appellant to find out if he was lost, was looking for someone in the complex, or had locked himself out of his apartment.

As he approached, Officer Miller noticed a bulge sticking out of the back of the waistband of appellant. The officer patted the area, which felt like a pistol. He then pulled up the appellant's shirt and saw that he indeed possessed a pistol. Officer Miller took the pistol from appellant and discovered that it contained six live rounds. Officer Miller then patted appellant's person to check for more weapons and found none.

Officer Miller then arrested appellant for the offense of carrying a weapon. The officer then searched appellant's pockets. Officer Miller found a baggie containing a "rock of crack" cocaine and a "straight shooter crack pipe," in appellant's front pocket.

Appellant told the officer that he had identification inside his nearby apartment. The officer then went with appellant to his apartment. Once at the apartment, Officer Miller found another man present inside the apartment. While he was looking around the apartment, the officer saw a pipe bowl and a pipe used for cocaine smoking on top of the kitchen counter.

A police chemist later determined that the substance found on appellant's person was cocaine, and the cocaine paraphernalia that Officer Miller found on the kitchen counter had evidence of cocaine in it.

At trial, appellant confessed that he was the owner of the cocaine paraphernalia found in the kitchen.

### Closing argument

■ In his first point of error, appellant contends that the trial court violated his constitutional right to not testify by conditioning his right to argue to the jury upon his testifying. TEX.CODE CRIM.P.ANN. art. 1.05 (Vernon 1977); TEX. CONST. art. I, § 10; U.S. CONST. amends. V, XIV.

Appellant waived his right to counsel and proceeded *pro se.* The trial court appointed an attorney as stand-by counsel. Appellant represented himself during the entire trial process and never expressed a desire not to testify. After the trial court allowed appellant to develop his bill of exception for an absent witness, the following transaction between the court and appellant occurred:

> The Court: Denied [motion for continuance]. Let me tell you something, Mr. Patterson. If you elect not to testify, I'm not going to allow you to argue before the jury your side of the case; do you understand?
>
> The Defendant: Okay, then I'll testify then.
>
> The Court: No, my point is if you stand up during jury argument and start to say, start to testify in the form of argument, then she's [the prosecutor] being deprived of the right to ask you questions.
>
> The Defendant: Okay.
>
> The Court: So, I'm not going to permit you to testify in the form of argument.
>
> The Defendant: Okay, then I would [sic] testify.
>
> The Court: Do you understand my point?
>
> The Defendant: Yes, I do.
>
> The Court: I don't care if you testify or don't testify, but I am not going to allow you to testify in front of the jury by using your final argument for that purpose. Do you understand?

> The Defendant: Okay. I'll testify then.
>
> The Court: All right. You're ready to go?
>
> The Defendant: Yes, I am.
>
> The Court: Do you want to testify?
>
> The Defendant: Yes. I am [sic].

In reviewing the above statements, it is clear that the trial court is not denying appellant the opportunity to argue but was admonishing appellant to limit himself to the facts adduced at trial and not to interpose facts by testifying through jury argument. *See Ward v. State,* 427 S.W.2d 876, 882 (Tex. Crim.App.1968) (the request to argue before the jury was denied because it was merely an attempt by the appellant to testify before the jury without subjecting his testimony to cross-examination). The trial court did not coerce the appellant into testifying nor did it mislead him as to his fifth amendment right to remain silent. The court explained to him that he would not be allowed to escape cross-examination by merely testifying through his jury argument.

Appellant makes no complaint about prior warnings or the availability of his stand-by counsel to further discuss or explain his rights. The appellant chose to proceed *pro se.* We can find no authority which suggests that a *pro se* defendant deserves additional court admonishments.

Appellant's first point of error is overruled.

### Motion for continuance

■ In his second point of error, appellant contends that the trial court improperly denied his motion for continuance.

The only way to preserve error in the denial of a motion for continuance, based on absence of a material witness, is by a motion for new trial. *Baker v. State,* 467 S.W.2d 428, 429 (Tex.Crim.App.1971); *Martinez v. State,* 802 S.W.2d 334, 337 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd). Appellant did not file a motion for new trial. Therefore, appellant has failed to preserve error in the denial of his motion for continuance.

We overrule appellant's second point of error.

### Sufficiency of the evidence

■ In his third point of error, appellant contends that there was insufficient evidence to show that he possessed cocaine.

Sufficiency of the evidence claims should be reviewed in the light most favorable to the jury's verdict. The reviewing appellate court should determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Blankenship v. State,* 780 S.W.2d 198, 206–207 (Tex.Crim.App.1989). As the factfinder, the jury is entitled to judge the credibility of witnesses, and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State,* 805 S.W.2d 459, 461 (Tex.Crim.App.1991).

The record shows that appellant admitted owning the paraphernalia which Officer Miller found in his apartment. The police chemist testified that the paraphernalia contained cocaine. *See Fisher v. State,* 851 S.W.2d 298 (Tex.Crim.App. March 31, 1993) (appellant's confession, alone, is sufficient to sustain the jury's verdict). Additionally, Officer Miller testified that he found cocaine in the front pants' pocket of appellant. When viewed in a light most favorable to the verdict, we find sufficient evidence to sustain the verdict.

We overrule appellant's third point of error.

We affirm the trial court's judgment.

O'CONNOR, J., dissenting.

O'CONNOR, Justice, dissenting.

I dissent from the majority's resolution of point of error one. In that point, the appellant contends that the trial court violated his constitutional right to not testify by conditioning his right to argue to the jury upon his testifying. TEX.CODE CRIM.P.ANN. art. 1.05 (Vernon 1977); TEX. CONST. art. I § 10; U.S. CONST. amends. V, XIV.

The majority agrees that the trial judge's first statement was a misstatement of the law.[1] A defendant's option to right to remain silent and not testify does not in any way limit the defendant's right to make a final argument. The appellant had the right to do both, although the trial court told him he had to chose between the two.

The trial court volunteered the following misstatement about the law:

> The Court: Let me tell you something, Mr. Patterson. If you elect not to testify, I'm not going to allow you to argue before the jury your side of the case; do you understand?

In response, the appellant said he would testify. After the appellant agreed to forgo his right to remain silent in exchange for the right to make a final argument, the trial court attempted to re-state what he said:

> The Court: My point is if you stand up during jury argument and start to say, start to testify in the form of argument, then she's [the prosecutor] being deprived of the right to ask you questions.

> \* \* \* \* \* \*

> The Court: So, I'm not going to permit you to testify in the form of argument.

> \* \* \* \* \* \*

> The Court: I don't care if you testify or don't testify, but I am not going to allow you to testify in front of the jury by using your final argument for that purpose. Do you understand?

After reviewing those statements, the majority says it is clear the trial court did not deny the appellant the opportunity to argue,

> but was admonishing appellant to limit himself to the facts adduced at trial and not to interpose facts by testifying through jury argument. [Citation omitted.] The trial court did not coerce the appellant into testifying nor did it mislead him as to his Fifth Amendment right to remain silent. The court explained to him that he would not be allowed to escape cross-examination by merely testifying through his jury argument.

869 S.W.2d at 431.

The majority's explanation misses the point: The trial court never told the appel-

---

1. The trial judge in this case was the Honorable Bill Harmon.

lant that his misstatement of law—that the appellant had to trade the right to remain silent for the right to argue—was wrong. The trial court never told the appellant that he could both remain silent (not testify) and make a final argument to the jury. When the trial judge said "I don't care if you testify or don't testify," it was not the equivalent of telling the appellant he had the right to remain silent *and* argue his case to the jury. The court merely told the appellant that he did not care if the appellant testified.

I would find that the judge's misstatement of law was so serious, he was required to correct it. The trial judge should have told the appellant he had a constitutional right not to testify, and he could argue his case to the jury without abandoning that right.

It is obvious that the trial court made the misstatement of the law in an attempt to prevent the appellant from arguing facts to the jury about which no testimony had been introduced. Yet, the court had already admonished the appellant about the problems of self-representation. It was not necessary for the trial court to attempt to protect the State from the appellant, a pro se litigant. If the appellant had attempted to argue facts that were not in evidence, the State could object to the argument.[2]

I would hold the appellant's decision to testify in this case was not made in the "unfettered exercise of his own will." *Malloy v. Hogan,* 378 U.S. 1, 8, 84 S.Ct. 1489, 1493, 12 L.Ed.2d 653 (1964).

I would reverse.

---

**2.** I think the error under the first point is more understandable when viewed with the complaint in the second point, that the trial court improperly denied the appellant's motion for continuance. I agree with the majority, the error in the second point was not preserved. I only discuss it because it occurred immediately before the trial judge's misstatement of the law.

After the appellant put on his first witness, he called his second witness, who had earlier been sworn. Because the second witness was not in the courtroom, the appellant asked for a continuance until the next morning, and told the court he had issued a writ of attachment. The court denied the motion and told the appellant to put on his next witness, to which the appellant responded that he had no other witness. At that point, without any objection or comment by the prosecutor, the court volunteered his misstatement of the law, quoted above.