IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00014-CV

 

IN THE
MATTER OF THE MARRIAGE OF

Terrance
R. Hancock
AND 

Vicki
Lynn Arnott-Hancock

 

AND IN THE INTEREST OF N.M.H.,
A CHILD 

 

 

 



From the 393rd District Court

Denton County, Texas

Trial Court No. 2003-60757-393

 



MEMORANDUM  Opinion



 








          Appellant has filed a motion to dismiss this appeal.  Appellee has
not filed a response.  Accordingly, the appeal is dismissed.  See Tex. R. App. P. 42.1(a)(1).

PER CURIAM

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Appeal dismissed

Opinion delivered and
filed February 8, 2006

[CV06]






ipt>
 He was found guilty
by a jury and assessed forty years in prison. We will affirm.
          In Appellant's first point, he complains that the trial court erred in entering a deadly
weapon finding in the judgment. The court included the finding in the judgment based upon the
jury's verdict which found Appellant "guilty of the offense of Aggravated Sexual Assault, as
alleged in the indictment." The indictment alleged Appellant did the following:
intentionally and knowingly cause the penetration of the female sexual organ of [the victim]
by the penis of the said [Appellant] without the consent of [the victim] by compelling [the
victim] to submit and participate by the use of physical force and violence and by
threatening to use force and violence against [the victim] and [the victim] believed that
[Appellant] had the present ability to execute said threat, and said [Appellant] used and
exhibited a deadly weapon to-wit: a firearm, in the course of the same criminal episode
. . . .
This indictment contains all elements necessary for the offense of Aggravated Sexual Assault. 
Because the jury verdict read, "[w]e the Jury, find the defendant . . . guilty of the offense of
Aggravated Sexual Assault, as alleged in the indictment," it included an affirmative finding that
Appellant committed the offense while using a firearm. See Tenery v. State, 680 S.W.2d 629, 635
(Tex.App.—Corpus Christi 1984, pet. ref'd). Id. The judgment needs no reformation since it
properly reads that the "jury found [a] deadly weapon was used." Appellant's point is overruled.
          In Appellant's next point he complains that the trial court erred in refusing to include an
instruction in the charge regarding his failure to testify at the punishment phase of the trial. 
During the punishment phase, Appellant's attorney made a request that the jury be instructed in
the charge to not consider the failure of Appellant to testify. The judge answered the request
affirmatively and then instructed that the jury be returned to the courtroom. The judge then read
the charge to the jury. Appellant's requested instruction was omitted from the charge. However,
nowhere in the record do we find an objection to the omission. This was obviously an accidental
omission by the trial court and it is incumbent upon Appellant to object to the omission in order
to preserve error for our review. See Thiel v. State, 676 S.W.2d 593, 594 (Tex.Crim.App. 1984). 
We overrule the second point.
          Appellant complains in his third and fourth points that the trial court erred in allowing
testimony regarding his character at the punishment phase of trial which, he argues, subjected him
to cruel and unusual punishment under the sixth and fourteenth amendments to the United States
Constitution. Testimony during the punishment phase is governed by article 37.03 of the Texas
Rules of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 37.07 (3) (Vernon Supp.
1991). The code provides in part:
. . . evidence may, as permitted by the Rules of Evidence, be offered by the state and the
defendant as to any matter the court deems relevant to sentencing, including the prior
criminal record of the defendant, his general reputation and his character.
Rule 404 of the Texas Rules of Criminal Evidence allows the introduction of evidence as to the
prior criminal record and character of the accused at the penalty phase of the trial. Tex. R. Crim.
Evid. 404(c). Rule 405 of the Texas Rules of Criminal Evidence prescribes the methods of
proving character, which are as follows:
In all cases in which evidence of character or trait of character of a person is admissible,
proof may be made by testimony as to reputation or by testimony in the form of an
opinion. Provided however that to be qualified to testify concerning the character or trait
of character of an accused, a witness must have been familiar with the reputation, or with
the underlying facts or information upon which the opinion is based, prior to the day of
the offense. . . .
Tex. R. Crim. Evid. 405(a) (emphasis added).
          Here, the witness was questioned by the prosecutor as follows:
[PROSECUTOR]: I ask you if you know the [Appellant] in this case, Stuart
Jones?
[WITNESS]: Yes I do.
[PROSECUTOR]: And have you had occasion in the past to talk with him?
[WITNESS]: Yes I have.
[PROSECUTOR]: I'm going to ask you if you are substantially or were
substantially familiar with his reputation for being a peaceful and law abiding
citizen prior to January 29, 1989?
[WITNESS]: Yes I was.
[PROSECUTOR]: And was that from conversations from other people as
well as your own observations?
[WITNESS]: Correct.
[PROSECUTOR]: And what was that reputation.
[WITNESS]: Bad.
The witness's actual testimony at trial was proper and did not violate Rule 405 by proving
character by specific acts, as argued by Appellant. See Tex. R. Crim. Evid. 405(a). When the
witness was questioned out of the presence of the jury, he testified he formed his opinion while
investigating a crime that had occurred in which Appellant was the victim. The witness had
discussions with several individuals regarding Appellant and his reputation. The witness's
testimony was based on discussions with others concerning Appellant, or on hearing others discuss
Appellant's reputation, and not just on his personal knowledge. See Castillo v. State, 739 S.W.2d
280, 292 (Tex.Crim.App. 1987). The trial court properly admitted the evidence and Appellant's
third and fourth points are overruled.
          We affirm the judgment.


                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings and
          Justice Vance
Affirmed
Opinion delivered and filed August 15, 1991
Do not publish