Opinion delivered May 11, 1889.

## No. 6282.

## THOMAS ASTON v. THE STATE.

FAILING TO MAKE REPORT REQUIRED BY LAW—CONSTITUTIONALITY
OF A STATUTE.—Article 756 of the Penal Code provides that any per-
son is guilty of an offense who, being engaged in the slaughter and
sale of animals for market, shall fail to report to the commissioners
court of the county in which he transacts his business, at each regular
term thereof, the number, color, age, sex, marks and brands of all ani-
mals slaughtered by him, together with a bill of sale, or written con-
veyance to him for every animal slaughtered by him, save such as were
raised by himself, etc. Article 754 of the Penal Code provides that
any person is guilty of an offense who, being engaged in the slaughter
of animals, shall kill or cause to be killed any unmarked or unbranded
animal for market, or shall purchase and kill or cause to be killed, any
animal without having taken a bill of sale or written transfer of the
same from the person selling the same. To a prosecution under article
756, the defendant pleaded the unconstitutionality of the said article
upon the ground that to require him to make such report would be to
require him to give evidence that could be used against him in a pros-
ecution under article 754; wherefore the said article 756 is in contraven-
tion of section 10 of the Bill of Rights. *Held*, that the defense is un-
tenable, and that the said article 756 is constitutional.

APPEAL from the County Court of Cooke. Tried below before the Hon. J. E. Hayworth, County Judge.

This conviction was for violation of article 756 of the Penal Code, the appellant being prosecuted for failing to report to the commissioners court the animals slaughtered by him for market. The penalty assessed by the verdict was a fine of fifty dollars.

*H. L. Stuart* and *Stuart & Baily,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WILLSON, JUDGE. This conviction is for the offense denounced by article 756 of the Penal Code, that is, for failing to make a report to the commissioners court of animals slaughtered, etc. Counsel for defendant insists that said article compels a person engaged in slaughtering cattle to give evidence against himself, and is therefore in violation of section 10 of the Bill of Rights.

We are unable to perceive the application of said section to said article. Said section relates to the rights of *accused* persons, being prosecuted and on trial for crime. "In all criminal prosecutions, the accused shall not be compelled to give evidence against himself." Article 756 did not compel defendant in this prosecution to give evidence against himself. It required of him to make a certain written report, which he failed to make. His defense for not making said report is that, if he made it, he would be making evidence which might be used against him in a prosecution under article 754 of the Penal Code, and to compel him to make such report would be to compel him to give evidence against himself in such prosecution.

This is not a prosecution under article 754. He was not accused of violating article 754 at the time he should have made the report required by article 756. He was not an *accused* person at the time he failed to make said report, and if he had then made the report he would not have given evidence against himself in a prosecution then pending against him. If article 756 is invalid upon the ground urged, then the statutes which require public officers to make certain reports are for the same reason void, because such reports might be used in evidence against them in prosecutions for various offenses. It seems to us that to sanction the proposition of counsel for defendant

would be stretching section 10 of the Bill of Rights beyond reason, and giving to it an interpretation and effect not intended or even imagined by the framers of that instrument. We are settled in our conviction that it has no such meaning, and that article 756 is constitutional and valid. The motion for rehearing is overruled.

*Affirmed and motion overruled.*