### W. E. Stalling v. The State.

No. 6904.   Decided May 31, 1922.

Rehearing Denied October 11, 1922.

1.—Failure to Render Aid—Automobile Collision—Indictment—Surplusage.

Where the indictment alleged that defendant failed and refused to stop after a collision of his automobile with the injured party, and that he failed and neglected to render necessary assistance to said injured person in that he failed to carry her to a physician for treatment, or to procure a conveyance to carry her to some place where her injuries could be treated, such assistance being necessary, the same was sufficient, and the insufficient allegation as to failure and refusal to give number of his vehicle, etc., may be treated as surplusage, following Scott v. State, recently decided.

2.—Same—Indictment—Specific Description—Highway.

It is not necessary that the indictment more specifically describe the highway upon which the alleged collision occurred, than to speak of it as, "10th Street in the City of Dallas."

3.—Same—Rehearing—Constitutional Law.

The constitutionality of the statute with reference to automobile collisions was upheld in this prosecution on a former appeal, following Scott v. State, 90 Texas Crim. Rep., 100, and the indictment was sufficient on motion to quash.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable C. A. Pippen.

Appeal from a conviction of failure to render aid after automobile collision; penalty, six months confinement in the county jail.

*W. W. Nelms,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.—Cited cases in opinion.

LATTIMORE, Judge.—Appellant was convicted in the Criminal District Court of Dallas county of failure to stop his automobile after a collision and to render assistance, and his punishment fixed at six months in the county jail.

There is no statement of facts in this record and but two bills of exception, each complaining of substantially the same matter. The refusal of the court to sustain a motion to quash the indictment is the subject of complaint in one of said bills of exceptions, and the refusal of the court to sustain a motion in arrest of judgment based on the same ground, is set forth in the other bill of exceptions.

The indictment contained two counts. The trial court submitted to the jury only the first count. Hence all matters of complaint relative to the second count pass out and will not be considered by us. The charging part of the first count is as follows:

"W. E. Stalling . . . was the driver and person in control of a motor vehicle, to-wit: an automobile, upon a public highway, to-wit: Tenth Street, in the City of Dallas, County and State aforesaid, and said motor vehicle did then and there strike and collide with and cause injury to a person, to-wit, Mrs. Byrd Patterson, and said W. E. Stalling did then and there unlawfully fail and refuse to stop after colliding with said Mrs. Byrd Patterson, and did then and there fail to render all necessary assistance to the said Mrs. Byrd Patterson, in this to-wit:

He the said W. E. Stalling did then and there fail and neglect to secure a physician and did then fail and neglect to secure a conveyance and assist in securing a conveyance to carry the said Mrs. Byrd Patterson to a place for treatment for her injuries in said collision, said injuries to the said Mrs. Byrd Patterson then and there being of such a nature that such assistance was then and there necessary and the said defendant did then and there fail and refuse to give to said Mrs. Byrd Patterson the number of said motor vehicle and the name and address of the owner thereof and the name and address of each of the passengers in the automobile of the said W. E. Stalling, not exceeding five."

Analysis of this quotation shows that is charges that appellant failed and refused to stop after a collision of his automobile with the injured party, and that he failed and neglected to render necessary assistance to said injured person in that he failed to carry her to a physician for treatment, or to procure a conveyance to carry her to some place where her injuries could be treated, such assistance being necessary. The allegation of failure and refusal to give the number of his vehicle, and name and address of the owner, which appears in the first count, was insufficiently charged for the reason that the statute requires that this be done only *if requested*, and said indictment contained no mention of such request. For this reason probably the trial court in his charge applying the law to the facts omitted any reference to the proposition of failure to give such name and number. That part of appellant's motion to quash based on a claim that the statute in question is unconstitutional because it in effect seeks to compel a citizen to give evidence against himself, is directed entirely at that part of the law which requires one who collides with

another to give the number of his vehicle and the name and address of the owner. That part of the indictment in the instant case having been ignored by the trial court as surplusage, and the question therein raised having been omitted from his charge, the complaint of unconstitutionality would appear to become a moot question and will not be considered by us. If this proposition had been sufficiently charged and had been submitted by the trial court so that the question was properly before us, we would be inclined to disagree with the contention. It would not appear that the mere fact of a collision of an automobile with the person or vehicle of another would *ipso facto* constitute a crime, and the right to refuse self-crimination would not *per se* arise from the fact of such collision. There seems nothing in the statute under consideration which is based upon the hypothesis that either party to a collision is thereby committing a crime. The legal duties sought by said statute to be imposed in such case are apparently only those which humanity and necessity would dictate. Scott v. State, 90 Texas Crim. Rep., 100, 233 S. W. 1097.

Referring to another part of said motion to quash, we think it not necessary that the indictment more specifically describe the highway upon which the alleged collision occurred than to speak of it as "Tenth Street, in the City of Dallas."

We also think it sufficiently specific for the indictment to charge that Mrs. Patterson was injured in said collision, and that it was necessary to secure a physician, or to convey her to a place for treatment of her injuries, and that the appellant failed and refused to secure a physician, or to convey her to a place where her injuries could be treated.

Having thus disposed of the contentions of appellant, and finding nothing in the record requiring a reversal, it is ordered that the judgment be affirmed.

*Affirmed.*

ON REHEARING.

October, 11, 1922.

MORROW, Presiding Judge.—We are constrained to adhere to our ruling upon the original submission of this case. The constitutionality of the statute was upheld in this prosecution on a former appeal. See 90 Texas Crim. Rep., 310. It was also sustained in the case of Scott v. State, 90 Texas Crim. Rep., 100, 233 S. W. Rep., 1097.

The views of the court touching the sufficiency of the allegations in the count of the indictment upon which the conviction rests are sufficiently stated in the original opinion.

The moton for rehearing is overruled.

*Overruled.*