**John Marion RIGGLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–89–050–CR.**

Court of Appeals of Texas, Texarkana.

Sept. 6, 1989.

John Marion Riggle, Houston, pro se.

John B. Holmes, Dist. Atty., Alan Curry, Asst. Dist. Atty., Houston, for appellee.

GRANT, Justice.

John Marion Riggle was found guilty in the Justice Court of Harris County of the misdemeanor offense of failure to maintain financial responsibility. He was assessed a fine of $82.50 plus court costs. He then appealed the case to the Harris County Criminal Court at Law, and on trial de novo, that court found him guilty and assessed a fine of $100.00. He now appeals the judgment of that court.

Riggle complains that Tex.Rev.Civ.Stat. Ann. art. 6701h (Vernon Supp.1989), requiring motorists to carry liability insurance on their vehicle is unconstitutional. He contends that this statute violates his constitutional rights to due process, to a presumption of innocence, and against self-incrimination. We disagree. He also makes a constitutional challenge to the ten dollar court fee for dismissal set by Section 1C(e) of the Act. We hold that he has no standing to complain about a fee that he was not required to pay.

In December 1987, Riggle was stopped by a Texas Department of Public Safety officer. When Riggle did not produce proof of his financial responsibility, he was charged with the failure to maintain financial responsibility.

The burden rests upon the individual who seeks to have a statute declared unconstitutional. An appellate court begins with the presumption that the statute is valid and that the Legislature did not act arbitrarily in enacting the statute. *Ex parte Granviel*, 561 S.W.2d 503 (Tex.Crim.App.1978).

All reasonable doubts should be resolved in favor of the lawful exercise of the Legislature's power. *Ex parte Smith*, 441 S.W.2d 544 (Tex.Crim.App.1969).

The general purpose of the Texas Safety Responsibility Law is to promote safe driving practices among all owners and operators of motor vehicles using the highways of this State, and to require such owners and operators to discharge their financial responsibility to others for damage to persons or property occasioned by their exercise of the privilege or license of using the public highways of this State. *Gonzalez v. Texas Department of Public Safety*, 340 S.W.2d 860 (Tex.Civ.App.—El Paso 1960, no writ).

Financial responsibility statutes have been declared constitutional in the face of due process challenges in a number of states. *Farmer v. Killingsworth*, 102 Ariz. 44, 424 P.2d 172 (1967); *Escobedo v. State Department of Motor Vehicles*, 35 Cal.2d 870, 222 P.2d 1 (1950); *State of Kansas v. Finley*, 198 Kan. 585, 426 P.2d 251 (1967); *Garford Trucking, Inc. v. Hoffman*, 114 N.J.L. 522, 177 A. 882 (1935). All of these cases, however, deal with suspensions of driver's license for failure to show financial responsibility subsequent to an accident.

■ The use of highways in this State is a privilege which is subject to the State's regulation. *Texas Department of Public Safety v. Richardson*, 384 S.W.2d 128 (Tex. 1964). The exercise of police power hinges upon the public need for safety, health, security, and protection of the general welfare. *City of Coleman v. Rhone*, 222 S.W.2d 646 (Tex.Civ.App.—Eastland 1949, writ ref'd).

■ The guarantees of due process have the purpose of securing liberty and property interest against action by government that is fundamentally unfair. *Haug v. Franklin*, 690 S.W.2d 646 (Tex.App.—Austin 1985, no writ), *citing, Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). Wriggle is vague about what aspects of the law violate his right of due process, but the thrust of his argument is that he is being punished by being required to maintain financial responsibility in order to operate an automobile on the highways of this State. This statutory requirement is not a punishment, but rather is a protection. Protection in securing redress for injured highway travelers, as well as protection from being injured, is a proper subject of a state's police powers. We do not find that the application of Article 6701h to Riggle to be fundamentally unfair and thus this statute does not violate Riggle's constitutional right of due process.

■ Riggle next contends that the statute requiring financial responsibility operates on the basic assumption that all persons are presumed guilty and violates his right to a presumption of innocence. The provision for the presumption of innocence applies to criminal cases. It does not appear in the Texas Constitution or the United States Constitution, but it is well established in our jurisprudence and appears in Tex.Penal Code Ann. § 2.01 (Vernon 1974) and Tex.Code Crim.Proc.Ann. art. 38.03 (Vernon Supp.1989).

Article 6701h does not create a presumption that an individual is necessarily liable for damages that result from being involved in an automobile accident, but merely ensures that that person is financially capable of providing compensation for injuries resulting from his negligence in the event that he is negligent. No fact of liability is presumed against him in any resulting litigation. The statute does not require that the owner of a vehicle purchase liability insurance. Under Section 18 of Article 6701h, proof of financial liability may also be shown by furnishing proof of a bond, a certificate of deposit of money or securities, or a certificate of self-insurance.

■ Next, Riggle contends that the requirement that as a driver he must produce proof of financial responsibility violates his Fifth Amendment privilege against self-incrimination. This constitutional right assures that an individual is not compelled to produce evidence that later may be used against him in a criminal action. The Fifth Amendment privilege against self-incrimination, as made applicable through the Fourteenth Amendment, protects an ac-

cused only from being compelled to testify against himself or to provide the State with evidence of a testimonial or communicative nature. The privilege does not encompass a compulsion that makes the accused the source of real or physical evidence. *Gilbert v. California*, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). This constitutional provision has been held not to be violated by statutes requiring the driver of an automobile, in case of a collision, to stop, render necessary assistance, and give information as to his identity. *Stalling v. State*, 92 Tex.Crim. 354, 243 S.W. 990 (1922); *Scott v. State*, 90 Tex.Crim. 100, 233 S.W. 1097 (1921). It has also been held that the Fifth Amendment is not violated when persons engaged in certain businesses are required to make reports. *Aston v. State*, 27 Tex. App. 574, 11 S.W. 637 (1889).

In the present case, it was not the furnishing of proof of financial responsibility that tended to incriminate Riggle, but it was the failure to furnish. This statutory requirement does not violate Riggle's constitutional right against self-incrimination.

■ Next, Riggle contends that Tex.Rev. Civ.Stat.Ann. art. 6701h, § 1C(e) is unconstitutional. This section requires the payment of a ten dollar fee before a case of failure to maintain financial responsibility will be dismissed. The State admits that the Attorney General of the State of Texas has determined this section to be unconstitutional. Op.Tex. Att'y Gen. No. JM–917 (1988). However, Riggle was not required to pay this ten dollar fee and does not have standing to raise its unconstitutionality. *See Parent v. State*, 621 S.W.2d 796 (Tex. Crim.App. [Panel Op.] 1981). Furthermore, Article 6701h contains a savings clause in Section 42, which specifically precludes the invalidity of any one section causing the entire Act to be unconstitutional.

The judgment of the trial court is affirmed.