11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Al-Yahnai
Fountain Hawkins a/k/a Allen Fountain

Appellant

Vs.                   No. 11-04-00278-CR -- Appeal from Taylor County

State
of Texas

Appellee

 

This is an appeal from county court.  Al-Yahnai Fountain Hawkins a/k/a Allen
Fountain was originally convicted in municipal court of driving without valid
license plates and fined $20.  TEX.
TRANSP. CODE ANN. ' 502.407
(Vernon Supp. 2004 - 2005).  He appealed
to Taylor County Court at Law No. 1.  The
county court jury convicted him, and the county court assessed his punishment
at $150 plus court costs.  Appellant
appeals his conviction, pro se, and brings two discernible arguments in a
single issue.  Appellant=s first argument is that Section
502.407 infringes upon his constitutional right to travel.  Appellant=s
second argument is that the statute does not have the proper enacting language;
therefore, the statute is not a valid law. 
We affirm.

Right To Travel

The burden rests upon the individual who seeks to
have a statute declared unconstitutional. 
Rodriguez v. State, 93 S.W.3d 60, 69 (Tex.Cr.App.2002).  This court begins with the presumption that
the statute is valid and that the legislature did not act arbitrarily in
enacting the statute. Rodriguez v. State, supra at 69.  All reasonable doubts should be resolved in
favor of the lawful exercise of the legislature=s
power.  Boykin v. State, 818
S.W.2d 782 (Tex.Cr.App.1991).

Appellant argues that Section 502.407 is
unconstitutional because Athe
right of the citizen to travel...is not a mere privilege which a city may
prohibit or permit at will, but a common right which he has under the right to
life, liberty, and the pursuit of happiness.@  Appellant seems to make a distinction between
the use of a public road for gain or monetary purposes and the use for
personal, noneconomic travel, arguing that travel for economic gain is a
privilege while use for personal travel is a right.








We disagree with appellant=s
underlying proposition that driving a motor vehicle for personal purposes is a
constitutionally protected right rather than a state‑granted
privilege.  Driving is not a
constitutionally protected right but a privilege.  Tharp v. State, 935 S.W.2d 157, 159
(Tex.Cr.App. 1996).  This privilege is
subject to reasonable regulations by the State under its police power in the
interest of the welfare and safety of the general public.  Gillaspie v. Department of Public Safety,
259 S.W.2d 177 (Tex.1953).  As such,
driving a motor vehicle is subject to reasonable regulations formulated under
the police power to protect the welfare and safety of the general public. Tharp
v. State, supra at 159; City of Coleman v. Rhone, 222 S.W.2d 646
(Tex.Civ.App. - Eastland 1949, writ ref=d).  Requiring current license plates as a
condition of operating a motor vehicle on the state=s
highways is a proper subject of the state=s
police power.  See generally Riggle v.
State, 778 S.W.2d 127, 129 (Tex.App. ‑ Texarkana 1989, no pet=n). 
Section 502.407 does not violate the constitutional protections under
U.S. CONST. amend. 5 or TEX. CONST. art. I, '
19.  The statute is not vague, ambiguous,
or overly broad.

Enacting Language

Appellant asserts in his second argument that the
statute is invalid because the proper enacting language is not present.  Specifically, appellant contends that the
statute does not contain the words Abe
it enacted.@  Appellant is apparently confusing the wording
of the statute set out in Vernon=s
Texas Codes Annotated with the version of the statute contained in the session
laws.  Other than the publication of the
session laws, Texas does not publish an official set of its laws.  For this reason, most Texas practitioners use
publications prepared by Vernon=s
as their source of the laws of Texas. 
Vernon=s
routinely omits the enacting language in its publication of the State=s statutes.  The fact that Vernon=s
does not transcribe the enacting language is of no consequence.  As long as the official session law was
enacted properly, the statute is valid.  See
Murphy v. State of Texas, 95 S.W.3d 317, 321 n.4 (Tex.App. - Houston [1st
Dist.] 2002, pet=n ref=d). 
This court has reviewed the enrolled version of TEX. H.B. 924, 76th
Leg., R.S. (1999), as well as the published Session Law, and found that the
proper enacting language is present. 
Therefore, Section 502.407 is a valid law.

All of appellant=s
contentions on appeal have been considered. 
Appellant=s sole
issue is overruled.

 








This Court=s
Ruling

The judgment of the trial court that appellant was
convicted of operating a vehicle with expired license plates is affirmed.

 

PER CURIAM

 

September 8, 2005

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel consists of:  Wright,
J., and McCall, J.[1]











[1]W. G. Arnot, III, Chief Justice, retired effective July
31, 2005.  The chief justice position is
vacant.