COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                       NOS.
2-06-176-CR 

       2-06-177-CR 

       2-06-178-CR

 

 

ROSSER B. MELTON, JR.                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

         FROM
COUNTY CRIMINAL COURT NO. 5 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

In eight issues, appellant
Rosser B. Melton, Jr., appeals his convictions for failure to identify, no
evidence of financial responsibility, and no safety belt, pro se.[2]  We affirm.








BACKGROUND

Appellant pled not guilty to
all charges in the justice court, but the jury found him guilty and assessed
fines for each offense.  Appellant
appealed and pled not guilty before a jury in the county court.  Before trial began, the trial judge
admonished Appellant that if he persisted Ain not having an attorney, I=ll treat you like you have a law license and you are a licensed
attorney.@  Appellant said that he expected that.

State trooper Richard Hooten
was the only witness to testify in the county court.  He testified that he stopped Appellant for
failure to wear a safety belt, advised Appellant of the reason for the stop,
and asked to see Appellant=s driver=s license
and insurance.  He testified that
Appellant refused to answer any questions and responded Aby questioning [Trooper Hooten=s] authority to ask him for anything, to ask for driver=s license, insurance, date of birth, anything.@

The trial court granted Appellant=s oral motion for a directed verdict on the charge of operating a
vehicle without proof of a driver=s license, but denied his motions for directed verdict on the
remaining offenses.  In his closing
argument, Appellant admitted to the jury,








I=d love to argue the law to the jury and so forth, but I don=t seem to be doing it. . . . I think you=re required to find me guilty on at least two out of three of these
[offenses], based on the instructions and the objections and the
complaints.  And you might or might not
find me guilty on the seat belt thing.

The jury found him guilty and assessed fines on
all three offenses.

CONSTITUTIONAL ISSUES

Appellant raises a number of
constitutional issues under the Texas and United States Constitutions.  When briefing constitutional issues, a party
should separate federal and state issues into distinct points or issues and
provide substantive argument on each.  McCambridge
v. State, 712 S.W.2d 499, 501‑02 n.9 (Tex. Crim. App. 1986).  If a party does not do this, we need not
address federal and state constitutional issues separately.  Eldridge v. State, 940 S.W.2d 646, 650
(Tex. Crim. App. 1996).  In the issues
within which Appellant claims violations of both the U.S. and Texas
Constitutions, we will only address whether Appellant=s rights were violated under the U.S. Constitution, because Appellant
does not clearly distinguish those rights from his rights under the Texas
Constitution.  See Dewberry v. State,
4 S.W.3d 735, 743‑44 (Tex. Crim. App. 1999), cert. denied, 529
U.S. 1131 (2000) (addressing only U.S. Constitution because appellant failed to
distinguish rights with Texas Constitution); accord Hale v. State, 139
S.W.3d 418, 421 (Tex. App.CFort Worth 2004, no pet.).








INADEQUATE BRIEFING & PRESERVATION OF ERROR

Appellant=s brief must contain Aa clear and concise argument for the contentions made, with
appropriate citations to authorities and to the record.@  Tex. R. App. P. 38.1(h). 
If a party provides no argument or legal authority to support its
position, the appellate court may properly overrule the issue as inadequately
briefed.  Id.; Tong v. State,
25 S.W.3d 707, 710 (Tex. Crim. App. 2000), cert. denied, 532 U.S. 1053
(2001); Mosley v. State, 983 S.W.2d 249, 256 (Tex. Crim. App. 1998) (op.
on reh=g), cert. denied, 526 U.S. 1070 (1999).








Generally, to preserve a
complaint for our review, a party must have presented to the trial court a
timely request, objection, or motion that states the specific grounds for the
desired ruling if they are not apparent from the context of the request,
objection, or motion.  Tex. R. App. P. 33.1(a)(1); Mosley,
983 S.W.2d at 265.  Further, the trial
court must have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court=s refusal to rule.  Tex. R. App. P. 33.1(a)(2); Mendez
v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).      In
part of his fourth issue, Appellant claims that he was denied the right to
appeal and due process.  However, he
acknowledges that these sub‑issues were Anot raised specifically anywhere in the trial proceedings, though
[they were] diffused over the entire proceeding, except for the charge
involving the safety belt.@  Because there were no
requests, objections, or motions in the trial court specifically relating to
these sub‑issues, nor rulings obtained, there is nothing preserved for
our review.  Tex. R. App. P. 33.1(a)(1); Mosley, 983 S.W.2d at
265.  We overrule this portion of
Appellant=s fourth
issue.

Jury Trial








In his first issue, Appellant
generally complains that his constitutional right to a jury trial under the
Texas and U. S. Constitutions was violated. 
He bases this contention on the use of a ten-minute time limit for
closing arguments to which he initially agreed, and the State=s objections to some of Appellant=s jury arguments as misstatements of law and arguing facts not in
evidence, which the trial court sustained. 
In his brief, Appellant asserts that A[t]here=s no
specific authority for courts to make rules that impair individual liberties,@ and that a Atrue trial
by jury surely would prune this excessive authority to something much less.@  However, he provides no
citations to authorities, other than general references to articles I and XVI
of the Texas Constitution and to the federal Bill of Rights.  He openly acknowledges that A[m]y authority for this argument is the composition of the Texas
Constitution, with no support from any court decision.@  We overrule Appellant=s first issue based on inadequate briefing.[3]  See Tex.
R. App. P. 38.1(h). 

Miranda Rights

In his second and third
issues and in part of his fourth issue, Appellant raises claims based on the
Fifth Amendment to the U.S. Constitution. 
None of these claims pertain to the suppression of evidence.








The need for Miranda warnings
arises when a person has been subjected to custodial interrogation.  Miranda v. Arizona, 384 U.S. 436, 444,
86 S. Ct. 1602, 1612 (1966).  Custodial
interrogation is questioning initiated by law enforcement officers after a
person has been taken into custody or otherwise deprived of his freedom of
action in any significant way.  Id.,
86 S. Ct. at 1612.  Persons temporarily
detained pursuant to traffic stops are not in custody for the purposes of Miranda.  Berkemer v. McCarty, 468 U.S. 420,
440, 442, 104 S. Ct. 3138, 3150-51 (1984) (holding that motorist who was
stopped and subjected by patrolman to a modest number of questions and sobriety
test in a location visible to passing motorists was not taken into custody for Miranda
purposes).

We note that because the
facts on the record indicate that this was a traffic stop, Miranda did
not apply to Appellant=s initial
contact with Trooper Hooten.  Id.
at 440, 442; 104 S. Ct. at 3150‑51. 
Appellant received citations. Appellant did not testify at trial.  On the record before us, it does not appear
that Appellant was ever subjected to custodial interrogation during the course
of this case.  See Miranda, 384
U.S. at 444, 86 S. Ct. at 1612. 
Therefore, we overrule the portion of Appellant=s second issue pertaining to lack of Miranda warnings at the
time of initial contact, before trial, or in court.  On the same reasoning, we also overrule the
remaining portion of Appellant=s fourth issue, in which he argues that his Fifth Amendment rights to
counsel and to Miranda warnings were violated when the trooper
approached him during a traffic stop.  See
Berkemer, 468 U.S. at 440, 442; 104 S. Ct. at 3150‑51.








We overrule the remaining
portion of his second issue, in which he argues that he was prevented from
arguing a legally correct statement of the Fifth Amendment to the jury, based
on inadequate briefing, because Appellant provides no citations to authorities
in his argument on this point.  See
Tex. R. App. P. 38.1(h).

In his third issue, Appellant
claims that it was legal error to fail to give a Amistake of law@ instruction
regarding the Fifth Amendment, when the State=s witness testified that there were unspecified constitutional
challenges and when the charge was failure to give information.  He correctly cites to section 8.03 of the
Texas Penal Code for the affirmative defense of AMistake of Law,@ although he
cites to the wrong provision, section 8.03(b)(1), to support his argument.  See Tex.
Penal Code Ann. '
8.03(b)(1)-(2) (Vernon 2006).  Section
8.03(b)(1) pertains to administrative agency interpretations of law; section
8.03(b)(2) provides that it is an affirmative defense to prosecution Athat the actor reasonably believed the conduct charged did not
constitute a crime and acted in reasonable reliance upon a written
interpretation of the law contained in an opinion of a court of record.@  Id.








The issue of the existence of
an affirmative defense is not submitted to the jury unless evidence is admitted
supporting the defense.  Id. at ' 2.04(c). A defendant is entitled to an affirmative defensive
instruction on every issue raised by the evidence regardless of the strength of
the evidence.  Brown v. State, 955
S.W.2d 276, 279 (Tex. Crim. App. 1997); Golden v. State, 851 S.W.2d 291,
295 (Tex. Crim. App. 1993). 

Here, Appellant argues that
he relied on the interpretation of the Fifth Amendment contained in Miranda.  See generally Miranda, 384 U.S. 436,
86 S. Ct. 1602.  In addition to our
conclusion that because this was a traffic stop, Miranda was not
implicated, we cannot say that the trial court erred in concluding that
Appellant was not entitled to an instruction on Amistake of law@ because
none of the evidence presented supported such an instruction.  Trooper Hooten stated, A[Appellant] began to tell me that he did not believe . . . that he had
to provide [driver=s license,
insurance] to me.  He was quoting
information from what sounded like to be the Constitution of the United States
or the State Constitution.@  This is the extent of the
evidence presented at trial pertaining to any constitutional reference; the
evidence did not contain any mention of the Miranda decision upon which
Appellant attempts to base his affirmative defense claim.  We overrule Appellant=s third issue.

Constitutionality Of Texas Penal Code
Section 38.02(a)








Within the context of the
Fifth Amendment, in his sixth issue, Appellant argues that section 38.02(a) of
the Texas Penal Code is unconstitutional, asserting that because the provision
criminalizes a refusal to give personal information after arrest, his
constitutional right not to give evidence was violated.  In his fifth issue, Appellant claims that the
State never fulfilled its burden to convict him under section 38.02 of the
Texas Penal Code, and that the jury was not properly instructed.  See Tex.
Penal Code Ann. ' 38.02
(Vernon Supp. 2006).  However, he states
in his brief, AThis
appellant would prefer to formally, here, at this time, waive these contentions
so as to proceed to his challenge on the constitutionality issues.@  Abiding by Appellant=s wishes, we overrule this portion of his fifth issue.

Generally, constitutional
errors are forfeited by failure to object at trial.  Curry v. State, 910 S.W.2d 490, 496
& n.2 (Tex. Crim. App. 1995); accord Mendez, 138 S.W.3d at 342.  The constitutionality of a statute as applied
must be raised in the trial court in order to preserve error.  Curry, 910 S.W.2d at 496.  Appellant raised the facial
unconstitutionality of section 38.02, as a violation of the Fifth Amendment, in
his oral motion for a directed verdict, denied by the trial court.  Appellant did not raise an as-applied issue
at trial, although that appears to be what he argues on appeal.  However, to the extent that Appellant raises
either challenge to the statute, it is not adequately briefed.  We overrule Appellant=s sixth issue.  Tex. R. App. P. 33.1(a)(1), 38.1(h); Mendez,
138 S.W.3d at 341; Mosley, 983 S.W.2d at 265.

 








Proof Of Insurance & Defective Complaint

In part of his eighth issue
and part of his fifth issue, Appellant argues that the Ano insurance@ complaint
brought against him was defective,[4]
subjecting him to double jeopardy, and, in his fifth issue, that it is legal
error to place the burden of objecting to a defective charging instrument on a
defendant, when the result is the creation of a new crime if an essential
element is left out of the complaint.  We
overrule the remainder of Appellant=s fifth issue and this portion of his eight issue for insufficient
briefing, as his argument is not clear, or concise, and contains no appropriate
citations to legal authorities.  See
Tex. R. App. P. 38.1(h); Tong,
25 S.W.3d at 710; Mosley, 983 S.W.2d at 256.

In the remaining part of his
eighth issue, Appellant essentially asserts that failure to provide proof of
insurance is not an offense for which he could be convicted and complains that
he was not permitted to rebut the presumption created in the statute.  He also argues that requiring such proof
violated his Fifth Amendment rights. 
Appellant is incorrect on all of these assertions.








The contested statute in
Appellant=s eighth
issue is section 601.053 of the Texas Transportation Code, entitled AEvidence of Financial Responsibility.@  Tex. Transp. Code Ann. ' 601.053 (Vernon 2006).  It
states that the operator of a motor vehicle Aon request shall provide to a peace officer . . . evidence of
financial responsibility.@  Id. 
Section 601.051 states the requirement of financial responsibility and
the ways to establish it.  Id.  Under section 601.191(a), a person commits an
offense if he or she operates a vehicle in violation of section 601.051.  Id. 
Failure to provide evidence of financial responsibility, then, is
an offense of which Appellant could be convicted.








During the charge conference,
Appellant argued that the trial court created a non‑statutory offense by
the language used in the charge, because the correct charge was failure to
maintain financial responsibility, and that Afailure to furnish evidence [was] a presumption against non‑maintenance
of financial responsibility.@  The trial court disagreed,
informing Appellant that because that was the way it was charged in the
complaint, Athat has to
be the language that=s included
in there.@[5]  Appellant argues that he
attempted to rebut the presumption contained within section 601.053(b), that a
driver who does not exhibit evidence of financial responsibility is presumed to
have operated the vehicle in violation of section 601.051.  However, Appellant attempted to do this in
his closing argument, with no evidence in the record to support this
effort.  Id.  We overrule this portion of Appellant=s eighth issue.

Finally, to require a driver
to produce proof of financial responsibility does not violate that driver=s Fifth Amendment privilege against self‑incrimination. See
Riggle v. State, 778 S.W.2d 127, 129 (Tex. App.CTexarkana 1989, no writ).  That
privilege protects an accused only from being compelled to testify against
himself or to provide the State with evidence of a testimonial or communicative
natureCit does not encompass a compulsion that makes the accused the source
of real or physical evidence.[6]  Id. at 129-30.  Therefore, the statutory requirement of proof
did not violate Appellant=s Fifth
Amendment privilege against self-incrimination. 
See id. at 130.

Safety Belt Law








In his ninth issue, Appellant
asserts that the Safety Belt Law is unconstitutionally vague and that the jury
should not have been allowed to speculate regarding the law=s requirements.[7]  He also questions whether there is a mental
state required as part of this traffic offense. 
While Appellant does cite to the appropriate statute, section 545.413 of
the transportation code, this is his only citation to any authority on this
issue.  Tex.
Transp. Code Ann. '
545.413.  Accordingly, we overrule this
issue for inadequate briefing.  See
Tex. R. App. P. 38.1(h); Tong,
25 S.W.3d at 710; Mosley, 983 S.W.2d at 256.

CONCLUSION

We affirm the judgment of the
trial court.

 

PER CURIAM

PANEL F: 
HOLMAN, WALKER, and MCCOY, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: 
January 25, 2007











[1]See Tex.
R. App. P. 47.4.





[2]Appellant=s brief ostensibly raises nine
issues, but he admits that his seventh issue, pertaining to lack of driver=s license, is a non-issue because
he was acquitted of that charge.





[3]We note that the State=s objections were properly
sustained because the complained-of objections were warranted.  See, e.g., Patterson v. State,
869 S.W.2d 429, 431 (Tex. App.CHouston [1st Dist.] 1993, no writ) (holding that trial
court did not force defendant to testify when it admonished him to limit
himself to the facts adduced at trial and not to interpose facts by testifying
through jury argument).

In Dang v. State,
the court of criminal appeals generated a non-exclusive list of factors to
evaluate time limits on closing arguments under the abuse of discretion
standard: (1) the quantity of the evidence, (2) the duration of the trial (3)
conflicts in the testimony, (4) the seriousness of the offense, (5) the
complexity of the case, (6) whether counsel used the time allotted efficiently,
and (7) whether counsel set out what issues were not discussed because of the
time limitation.  154 S.W.3d 616, 619,
621 (Tex. Crim. App. 2005).  Based on
these facts, the trial court did not abuse its discretion: the trial lasted one
day, one witness testified, the offenses were not Aserious@ in terms of possible sentencing,
the case was not complex, and Appellant neither used his allotted time
efficiently nor set out what issues were not discussed because of the time
limitation.  See id. at 621-22.





[4]As discussed above, he waives his
defective complaint and jury instruction contentions on the Afailure to identify@ charge.  He does not object to the Ano safety belt@ charge as omitting essential
elements.





[5]The jury charge read that if the
jury found from the evidence beyond a reasonable doubt that Appellant did Aoperate a motor vehicle upon a
public highway of the State of Texas and did fail to furnish evidence of
financial responsibility upon request of the peace officer, to insure against
potential losses which may arise out of the operation of such vehicle; TRC
502.153; then you will find [Appellant] guilty.@ 
Appellant indicates in his brief that he waives any error pertaining to
the incorrect citation, ATRC 502.153.@





[6]Here, it was not the furnishing of
proof of financial responsibility that tended to incriminate Appellant, but
rather his failure to furnish such proof.





[7]Section 545.413 states that a
person commits an offense if he is (1) at least 15 years old; (2) riding in the
front seat of a passenger vehicle while the vehicle is being operated; (3) is
occupying a seat that is equipped with a safety belt; and (4) is not secured by
a safety belt.  Tex. Transp. Code Ann. ' 545.413(a).  The
meaning of Asafety belt@ is provided in section 545.412 and
is defined as Aa lap belt and any shoulder straps
included as original equipment on or added to a vehicle.@ 
Id.  ASecured@ means Ausing the lap belt and any shoulder
straps.@ 
Id.  There was sufficient
evidence on the record for a jury to find Appellant drove without his safety
belt.