COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-06-176-CR
 

       2-06-177-CR 

       2-06-178-CR

ROSSER B. MELTON, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 5 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In eight issues, appellant Rosser B. Melton, Jr., appeals his convictions for failure to identify, no evidence of financial responsibility, and no safety belt, pro se.
(footnote: 2)  We affirm.

BACKGROUND

Appellant pled not guilty to all charges in the justice court, but the jury found him guilty and assessed fines for each offense.  Appellant appealed and pled not guilty before a jury in the county court.  Before trial began, the trial judge admonished Appellant that if he persisted “in not having an attorney, I’ll treat you like you have a law license and you are a licensed attorney.” Appellant said that he expected that.

State trooper Richard Hooten was the only witness to testify in the county court.  He testified that he stopped Appellant for failure to wear a safety belt, advised Appellant of the reason for the stop, and asked to see Appellant’s driver’s license and insurance.  He testified that Appellant refused to answer any questions and responded “by questioning [Trooper Hooten’s] authority to ask him for anything, to ask for driver’s license, insurance, date of birth, anything.”

The trial court granted Appellant’s oral motion for a directed verdict on the charge of operating a vehicle without proof of a driver’s license, but denied his motions for directed verdict on the remaining offenses.  In his closing argument, Appellant admitted to the jury,

I’d love to argue the law to the jury and so forth, but I don’t seem to be doing it. . . . I think you’re required to find me guilty on at least two out of three of these [offenses], based on the instructions and the objections and the complaints.  And you might or might not find me guilty on the seat belt thing.

The jury found him guilty and assessed fines on all three offenses.

CONSTITUTIONAL ISSUES

Appellant raises a number of constitutional issues under the Texas and United States Constitutions.  When briefing constitutional issues, a party should separate federal and state issues into distinct points or issues and provide substantive argument on each.  
McCambridge v. State
, 712 S.W.2d 499, 501-02 n.9 (Tex. Crim. App. 1986).  If a party does not do this, we need not address federal and state constitutional issues separately.  
Eldridge v. State
, 940 S.W.2d 646, 650 (Tex. Crim. App. 1996).  In the issues within which Appellant claims violations of both the U.S. and Texas Constitutions, we will only address whether Appellant’s rights were violated under the U.S. Constitution, because Appellant does not clearly distinguish those rights from his rights under the Texas Constitution.  
See Dewberry v. State
, 4 S.W.3d 735, 743-44 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000) (addressing only U.S. Constitution because appellant failed to distinguish rights with Texas Constitution); 
accord Hale v. State
, 139 S.W.3d 418, 421 (Tex. App.—Fort Worth 2004, no pet.).

INADEQUATE BRIEFING
 
& PRESERVATION OF ERROR

Appellant’s brief must contain “a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.”  
Tex. R. App. P
. 38.1(h).  If a party provides no argument or legal authority to support its position, the appellate court may properly overrule the issue as inadequately briefed.  
Id
.;
 
Tong v. State
, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), 
cert. denied
, 532 U.S. 1053 (2001); 
Mosley v. State
, 983 S.W.2d 249, 256 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999).

Generally, to preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P. 
33.1(a)(1); 
Mosley
, 983 S.W.2d at 265.  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P
. 33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).   In part of his fourth issue, Appellant claims that he was denied the right to appeal and due process.  However, he acknowledges that these sub-issues were “not raised specifically anywhere in the trial proceedings, though [they were] diffused over the entire proceeding, except for the charge involving the safety belt.”  Because there were no requests, objections, or motions in the trial court specifically relating to these sub-issues, nor rulings obtained, there is nothing preserved for our review.  
Tex. R. App
. P. 33.1(a)(1); 
Mosley
, 983 S.W.2d at 265.  We overrule this portion of Appellant’s fourth issue.

Jury Trial

In his first issue, Appellant generally complains that his constitutional right to a jury trial under the Texas and U. S. Constitutions was violated.  He bases this contention on the use of a ten-minute time limit for closing arguments to which he initially agreed, and the State’s objections to some of Appellant’s jury arguments as misstatements of law and arguing facts not in evidence, which the trial court sustained.  In his brief, Appellant asserts that “[t]here’s no specific authority for courts to make rules that impair individual liberties,” and that a “true trial by jury surely would prune this excessive authority to something much less.”  However, he provides no citations to authorities, other than general references to articles I and XVI of the Texas Constitution and to the federal Bill of Rights.  He openly acknowledges that “[m]y authority for this argument is the composition of the Texas Constitution, with no support from any court decision.”  We overrule Appellant’s first issue based on inadequate briefing.
(footnote: 3)  
See
 
Tex. R. App. P
. 38.1(h). 

Miranda Rights

In his second and third issues and in part of his fourth issue, Appellant raises claims based on the Fifth Amendment to the U.S. Constitution.  None of these claims pertain to the suppression of evidence.

The need for 
Miranda
 warnings arises when a person has been subjected to custodial interrogation.  
Miranda v. Arizona
, 384 U.S. 436, 444, 86 S. Ct. 1602, 1612 (1966).  Custodial interrogation is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.  
Id
., 86 S. Ct. at 1612.  Persons temporarily detained pursuant to traffic stops are not in custody for the purposes of 
Miranda
.  
Berkemer v. McCarty
, 468 U.S. 420, 440, 442, 104 S. Ct. 3138, 3150-51 (1984) (holding that motorist who was stopped and subjected by patrolman to a modest number of questions and sobriety test in a location visible to passing motorists was not taken into custody for 
Miranda
 purposes).

We note that because the facts on the record indicate that this was a traffic stop, 
Miranda
 did not apply to Appellant’s initial contact with Trooper Hooten.  
Id
. at 440, 442; 104 S. Ct. at 3150-51.  Appellant received citations. Appellant did not testify at trial.  On the record before us, it does not appear that Appellant was ever subjected to custodial interrogation during the course of this case.  
See Miranda
, 384 U.S. at 444, 86 S. Ct. at 1612.  Therefore, we overrule the portion of Appellant’s second issue pertaining to lack of 
Miranda
 warnings at the time of initial contact, before trial, or in court.  On the same reasoning, we also overrule the remaining portion of Appellant’s fourth issue, in which he argues that his Fifth Amendment rights to counsel and to 
Miranda
 warnings were violated when the trooper approached him during a traffic stop.  
See Berkemer
, 468 U.S. at 440, 442; 104 S. Ct. at 3150-51.

We overrule the remaining portion of his second issue, in which he argues that he was 
prevented from arguing a legally correct statement of the Fifth Amendment to the jury, based on inadequate briefing, because Appellant provides no citations to authorities in his argument on this point.  
See
 Tex. R. App. P. 38.1(h).

In his third issue, Appellant claims that it was legal error to fail to give a “mistake of law” instruction regarding the Fifth Amendment, when the State’s witness testified that there were unspecified constitutional challenges and when the charge was failure to give information.  He correctly cites to section 8.03 of the Texas Penal Code for the affirmative defense of “Mistake of Law,” although he cites to the wrong provision, section 8.03(b)(1), to support his argument.  
See
 
Tex. Penal Code Ann
. § 8.03(b)(1)-(2) (Vernon 2006).  Section 8.03(b)(1) pertains to administrative agency interpretations of law; section 8.03(b)(2) provides that it is an affirmative defense to prosecution “that the actor reasonably believed the conduct charged did not constitute a crime and acted in reasonable reliance upon a written interpretation of the law contained in an opinion of a court of record.”  
Id
.

The issue of the existence of an affirmative defense is not submitted to the jury unless evidence is admitted supporting the defense.  
Id. 
at § 2.04(c)
. A defendant is entitled to an affirmative defensive instruction on every issue raised by the evidence regardless of the strength of the evidence.
  Brown v. State
, 955 S.W.2d 276, 279 (Tex. Crim. App. 1997); 
Golden v. State
, 851 S.W.2d 291, 295 (Tex. Crim. App. 1993). 

Here, Appellant argues that he relied on the interpretation of the Fifth Amendment contained in 
Miranda
.  
See generally Miranda
, 384 U.S. 436, 86 S. Ct. 1602.  In addition to our conclusion 
that because this was a traffic stop, 
Miranda
 was not implicated, we cannot say that the trial court erred in concluding that Appellant was not entitled to an instruction on “mistake of law” because none of the evidence presented supported such an instruction.  Trooper Hooten stated, “[Appellant] began to tell me that he did not believe . . . that he had to provide [driver’s license, insurance] to me.  He was quoting information from what sounded like to be the Constitution of the United States or the State Constitution.”  This is the extent of the evidence presented at trial pertaining to any constitutional reference; the evidence did not contain any mention of the 
Miranda
 decision upon which Appellant attempts to base his affirmative defense claim.  We overrule Appellant’s third issue.

Constitutionality Of Texas Penal Code Section 38.02(a)

Within the context of the Fifth Amendment, in his sixth issue, Appellant argues that section 38.02(a) of the Texas Penal Code is unconstitutional, asserting that because the provision criminalizes a refusal to give personal information after arrest, his constitutional right not to give evidence was violated.  In his fifth issue, Appellant claims that the State never fulfilled its burden to convict him under section 38.02 of the Texas Penal Code, and that the jury was not properly instructed.  
See
 
Tex. Penal Code Ann
. § 38.02 (Vernon Supp. 2006).  However, he states in his brief, “This appellant would prefer to formally, here, at this time, waive these contentions so as to proceed to his challenge on the constitutionality issues.”  Abiding by Appellant’s wishes, we overrule this portion of his fifth issue.

Generally, constitutional errors are forfeited by failure to object at trial.  
Curry v. State
, 910 S.W.2d 490, 496 & n.2 (Tex. Crim. App. 1995); 
accord Mendez
, 138 S.W.3d at 342.  The constitutionality of a statute as applied must be raised in the trial court in order to preserve error.  
Curry
, 910 S.W.2d at 496.  Appellant raised the facial unconstitutionality of section 38.02, as a violation of the Fifth Amendment
, in his oral motion for a directed verdict, denied by the trial court.  Appellant did not raise an as-applied issue at trial, although that appears to be what he argues on appeal.
  However, to the extent that Appellant raises either challenge to the statute, it is not adequately briefed.  We overrule Appellant’s sixth issue.  
Tex. R. App. P. 
33.1(a)(1), 38.1(h); 
Mendez
, 138 S.W.3d at 341; 
Mosley
, 983 S.W.2d at 265.

Proof Of Insurance
 
& Defective Complaint

In part of his eighth issue and part of his fifth issue, Appellant argues that the “no insurance” complaint brought against him was defective,
(footnote: 4) subjecting him to double jeopardy, and, in his fifth issue, that it is legal error to place the burden of objecting to a defective charging instrument on a defendant, when the result is the creation of a new crime if an essential element is left out of the complaint.  We overrule the remainder of Appellant’s fifth issue and this portion of his eight issue for insufficient briefing, as his argument is not clear, or concise, and contains no appropriate citations to legal authorities.  
See
 
Tex. R. App. P. 
38.1(h); 
Tong
, 25 S.W.3d at 710; 
Mosley
, 983 S.W.2d at 256.

In the remaining part of his eighth issue, Appellant essentially asserts that failure to provide proof of insurance is not an offense for which he could be convicted and complains that he was not permitted to rebut the presumption created in the statute.  He also argues that requiring such proof violated his Fifth Amendment rights.  Appellant is incorrect on all of these assertions.

The contested statute in Appellant’s eighth issue is section 601.053 of the Texas Transportation Code, entitled “Evidence of Financial Responsibility.”  
Tex. Transp. Code Ann
. § 601.053 (Vernon 2006).  It states that the operator of a motor vehicle “on request shall provide to a peace officer . . . evidence of financial responsibility.”  
Id.
  Section 601.051 states the requirement of financial responsibility and the ways to establish it.  
Id.
  
Under section 601.191(a), a person commits an offense if he or she operates a vehicle in violation of section 601.051.  
Id.
  
Failure to provide evidence of financial responsibility, then, 
is
 an offense of which Appellant could be convicted.

During the charge conference, Appellant argued that the trial court created a non-statutory offense by the language used in the charge, because the correct charge was failure to maintain financial responsibility, and that “failure to furnish evidence [was] a presumption against non-maintenance of financial responsibility.”  The trial court disagreed, informing Appellant that because that was the way it was charged in the complaint, “that has to be the language that’s included in there.”
(footnote: 5)  Appellant argues that he attempted to rebut the presumption contained within section 601.053(b), that a driver who does not exhibit evidence of financial responsibility is presumed to have operated the vehicle in violation of section 601.051.  However, Appellant attempted to do this in his closing argument, with no evidence in the record to support this effort.  
Id.
  
We overrule this portion of Appellant’s eighth issue.

Finally, to require a driver to produce proof of financial responsibility does not violate that driver’s Fifth Amendment privilege against self-incrimination. 
See Riggle v. State
, 778 S.W.2d 127, 129 (Tex. App.—Texarkana 1989, no writ).  That privilege protects an accused only from being compelled to testify against himself or to provide the State with evidence of a testimonial or communicative nature—it does not encompass a compulsion that makes the accused the source of real or physical evidence.
(footnote: 6)  
Id
. at 129-30.  Therefore, the statutory requirement of proof did not violate Appellant’s Fifth Amendment privilege against self-incrimination.  
See id. 
at 130.

Safety Belt Law

In his ninth issue, Appellant asserts that the Safety Belt Law is unconstitutionally vague and that the jury should not have been allowed to speculate regarding the law’s requirements.
(footnote: 7)  He also questions whether there is a mental state required as part of this traffic offense.  While Appellant does cite to the appropriate statute, section 545.413 of the transportation code, this is his only citation to any authority on this issue.  
Tex. Transp. Code Ann
. § 545.413.  Accordingly, we overrule this issue for inadequate briefing.  
See
 
Tex. R. App. P
. 38.1(h); 
Tong
, 25 S.W.3d at 710; 
Mosley
, 983 S.W.2d at 256.

CONCLUSION

We affirm the judgment of the trial court.

PER CURIAM

PANEL F:  HOLMAN, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
  January 25, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Appellant’s brief ostensibly raises nine issues, but he admits that his seventh issue, pertaining to lack of driver’s license, is a non-issue because he was acquitted of that charge.

3:
We note that the State’s objections were properly sustained because the complained-of objections were warranted.  
See, e.g.
, 
Patterson v. State
, 869 S.W.2d 429, 431 (Tex. App.—Houston [1st
 Dist.] 1993, no writ) (holding that trial court did not force defendant to testify when it admonished him to limit himself to the facts adduced at trial and not to interpose facts by testifying through jury argument).

In 
Dang v. State
, the court of criminal appeals generated a non-exclusive list of factors to evaluate time limits on closing arguments under the abuse of discretion standard: (1) the quantity of the evidence, (2) the duration of the trial (3) conflicts in the testimony, (4) the seriousness of the offense, (5) the complexity of the case, (6) whether counsel used the time allotted efficiently, and (7) whether counsel set out what issues were not discussed because of the time limitation.  154 S.W.3d 616, 619, 621 (Tex. Crim. App. 2005).  Based on these facts, the trial court did not abuse its discretion: the trial lasted one day, one witness testified, the offenses were not “serious” in terms of possible sentencing, the case was not complex, and Appellant neither used his allotted time efficiently nor set out what issues were not discussed because of the time limitation.  
See id
. at 621-22.

4:
As discussed above, he waives his defective complaint and jury instruction contentions on the “failure to identify” charge.  He does not object to the “no safety belt” charge as omitting essential elements.

5:
The jury charge read that if the jury found from the evidence beyond a reasonable doubt that Appellant did “operate a motor vehicle upon a public highway of the State of Texas and did fail to furnish evidence of financial responsibility upon request of the peace officer, to insure against potential losses which may arise out of the operation of such vehicle; TRC 502.153; then you will find [Appellant] guilty.”  Appellant indicates in his brief that he waives any error pertaining to the incorrect citation, “TRC 502.153.”

6:
Here, it was not the furnishing of proof of financial responsibility that tended to incriminate Appellant, but rather his failure to furnish such proof.

7:
Section 545.413 states that a person commits an offense if he is (1) at least 15 years old; (2) riding in the front seat of a passenger vehicle while the vehicle is being operated; (3) is occupying a seat that is equipped with a safety belt; and (4) is not secured by a safety belt.  
Tex. Transp. Code Ann
. § 545.413(a).  The meaning of “safety belt” is provided in section 545.412
 and is defined as “a lap belt and any shoulder straps included as original equipment on or added to a vehicle.”  
Id.
  
“Secured” means “using the lap belt and any shoulder straps.”  
Id.
  There was sufficient evidence on the record for a jury to find Appellant drove without his safety belt.