In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-00493-CR


NO. 09-07-00494-CR


NO. 09-07-00495-CR


____________________



DORMAN LEE TAYLOR, SR., Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court 


Jasper County, Texas


Trial Cause Nos. JC 25810, JC 25811, JC 25812 






MEMORANDUM OPINION


 After appealing from justice court, Dorman Lee Taylor ("Dorman") (1) was convicted
by a jury in the county court for three offenses: (1) failing to maintain financial responsibility
(Trial Cause No. JC 25810); (2) failing to carry and exhibit on demand a driver's license
(Trial Cause No. JC 25811); and (3) operating an unregistered motor vehicle (Trial Cause
No. JC 25812). The trial court assessed fines in the amount of $350, $200, and $200,
respectively. We affirm the judgments of the trial court.

 After conducting a hearing, the trial court found the appellant was not indigent. 
Dorman does not challenge this ruling on appeal. The appellant is not entitled to proceed
without costs. See Tex. R. App. P. 20.2. An exhibit depicting the traffic stop was filed with
the appellate record, but no reporter's record of the trial has been filed. See Tex. R. App. P.
37.3(c). 

 On appeal, Dorman mentions that he enjoys "an inalienable right of passages"
protected by the Fifth Amendment to the United States Constitution. (2) Generally based upon
the citizenship clause and the privileges and immunities clause of the Fourteenth
Amendment, the right to travel expressed in American jurisprudence

 protects the right of a citizen of one State to enter and to leave another State,
the right to be treated as a welcome visitor rather than an unfriendly alien
when temporarily present in the second State, and, for those travelers who
elect to become permanent residents, the right to be treated like other citizens
of that State.


Saenz v. Roe, 526 U.S. 489, 500, 119 S.Ct. 1518, 143 L.Ed.2d 689 (1999). 

 Saenz v. Roe concerned a statute that limited welfare benefits available to new
residents of California to the benefits available in the State of previous residence. Id. at 493-94. Reasoning that the Fourteenth Amendment equates citizenship with residence, the
Supreme Court held the statute unconstitutionally violated the rights of equally eligible
citizens. Id. at 506.

 Edwards v. California concerned a Depression-Era prohibition upon bringing indigent
persons into the state. Edwards v. California, 314 U.S. 160, 171, 62 S.Ct. 164, 86 L.Ed. 119
(1941). The Supreme Court held the statute placed an unconstitutional burden upon
interstate commerce and was not a valid exercise of police power. Id. at 177. 

 Dorman does not articulate how the three statutes he violated create a discriminatory
classification, constitute an undue burden on interstate commerce, or allow an impermissible
exercise of police power. In short, he does not attempt to bring his arguments within the
framework of the rights he invokes. Certainly, the ability to move about as one wills is a
central component of the liberty enjoyed by our citizens. It does not necessarily follow,
however, that the State cannot police its citizens or regulate the use of public roadways.

 The contention raised by Dorman is unorthodox but not novel. The Fort Worth Court
of Appeals resolved a similar argument, as follows:

 Driving an automobile on Texas highways is a privilege. It is not
property or a property right. This privilege is subject to reasonable regulation
under the State's police power in the interest of the welfare and safety of the
general public. See Gillaspie v. Department of Public Safety, 152 Tex. 459,
466, 259 S.W.2d 177, 182 (1953); Taylor v. State, 151 Tex. Crim. 568, 570,
209 S.W.2d 191, 192 (App.1948) (op. on reh'g); Coyle v. State, 775 S.W.2d
843, 846 (Tex. App.--Dallas 1989, no pet.). Thus, regulating licensing,
inspection, and registration laws and requiring proof of financial responsibility
as a protection for Texas citizens is a proper subject of the State's police
powers and not a denial of due process. See Gillaspie, 259 S.W.2d at 182; 
Riggle v. State, 778 S.W.2d 127, 129 (Tex. App.--Texarkana 1989, no pet.). 


Naff v. State, 946 S.W.2d 529, 533 (Tex. App.--Fort Worth 1997, no pet.).

 The arguments raised in Dorman's brief do not persuade us to create a split of
authority with our sister court. On appeal, Dorman asserts that the judgment must be
reversed and the charges dismissed because he is a private vehicle owner who does not
transport persons or things from place to place for hire. He cites the 1941 version of the
Drivers License Law and the Private Motor Vehicle Owners Act. See Law of April 14, 1941,
47th Leg., R.S., ch.173, 1941 Tex. Gen. Laws 245; Law of May 14, 1941, 47th Leg., R.S.,
ch. 290, 1941 Tex. Gen. Laws 463. Dorman does not explain why these statutes apply to
him, as opposed to the law in effect on the date of the offenses. The offenses at issue in these
appeals occurred on July 28, 2004. Thus, the relevant sections of the Texas Transportation
Code apply.

 Dorman suggests that the Legislature intended to regulate only common carriers. The
actual legislative intent is clear: "A person, other than a person expressly exempted under
this chapter, may not operate a motor vehicle on a highway in this state unless the person
holds a driver's license issued under this chapter." Tex. Transp. Code Ann. § 521.021
(Vernon 2007). The term "motor vehicle" means "a self-propelled vehicle" and that
definition is not confined to vehicles being driven for hire. See id. § 521.001(b) (Vernon
2007), § 541.201(11) (Vernon Supp. 2008). Dorman does not suggest that he satisfied one
of the statutory exemptions found in section 521.027 of the Texas Transportation Code. See
id. § 521.027 (Vernon 2007). A person required to hold a license under section 521.021 must
have the license in his possession while operating a motor vehicle and display the license on
the demand of a peace officer. See id. § 521.025(a) (Vernon Supp. 2008). Failure to display
the license on demand is a misdemeanor offense punishable by a fine. Id. § 521.025(c). 

 Likewise, an owner of a motor vehicle must apply for the registration of the vehicle
for each registration year in which the vehicle is used or to be used on a public highway. Id.
§ 502.002 (Vernon 2007). Operating a vehicle that has not been registered as required by
law is a misdemeanor offense punishable by fine. See id. § 502.402 (Vernon 2007). Words
contained in codified statutes acquire a particular meaning through legislative definition. 
See Tex. Gov't Code Ann. § 311.011 (Vernon 2005). "Motor vehicle" means "a vehicle
that is self-propelled." Tex. Transp. Code Ann. § 502.001(13) (Vernon Supp. 2008). 
"Commercial motor vehicle" is also defined in section 502.001. Id. § 502.001(2). Had the
Legislature intended section 502.402 apply only to persons operating commercial motor
vehicles, it would have used the term "commercial motor vehicle" in place of the more
inclusive term "motor vehicle." 

 Furthermore, a person may not operate a motor vehicle in this state unless he
establishes financial responsibility. Id. § 601.051 (Vernon 1999). A person commits a
misdemeanor offense punishable by fine if he "operates a motor vehicle in violation of
Section 601.051." Id. § 601.191. "Motor vehicle" is defined by statute and that definition
is not limited to commercial vehicles. See id. § 601.002(5) (Vernon Supp. 2008). The
sections of the Texas Transportation Code at issue in this appeal apply to private motor
vehicle operators and are not restricted to operators of motor vehicles for hire. 

 We overrule the issues raised by Dorman's brief and affirm the judgments.

 AFFIRMED.

 __________________________________

 CHARLES KREGER

 Justice


Submitted on January 26, 2009

Opinion Delivered February 4, 2009

Do not publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. Out of respect for the personal preference of the appellant.
2. Dorman cites Kent v. Dulles, which held that federal law then in effect did not permit
the Secretary of State to refuse to issue passports to two individuals who refused to sign an
affidavit regarding membership in the Communist Party. Kent v. Dulles, 357 U.S. 116, 129-30, 78 S.Ct. 1113, 2 L.Ed.2d 1204 (1958). The Supreme Court held the federal statutes
granting discretionary authority in issuing passports did not extend the kind of authority
exercised by the Secretary of State in that case but did not reach the constitutional issue. Id.